UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

**Michael Slocum, Executor
of the Estate of Timothy Donovan,
and Cathy Carter**

    **v.**                                  Civil No. 11-cv-317-PB
                                               Opinion No. 2012 DNH 055

**Alexander Schleicher, GmbH & Co.
Segelflugzeugbau, et al.**


## MEMORANDUM AND ORDER

Timothy Donovan died in a glider accident that occurred in Washington State. His wife and his estate have brought wrongful death claims against (1) the German manufacturer of the glider, Alexander Schleicher, GmbH & Co. Segelflugzeugbau ("Schleicher"), (2) Schleicher's Ohio-based distributer, Eastern Sailplane, Inc., and (3) Eastern Sailplane's owner, John Murray. Eastern Sailplane and Murray move to dismiss the claims against them for lack of personal jurisdiction.

### I.   STANDARD OF REVIEW

In objecting to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of persuading the court that personal jurisdiction exists. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009). Because I have not held a hearing on the motion, plaintiffs must make a

prima facie showing that the court has personal jurisdiction over Murray and Eastern Sailplane.  Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010).

A prima facie showing requires plaintiff to "proffer[] evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Lechoslaw v. Bank of Am., N.A., 618 F.3d 49, 54 (1st Cir. 2010) (internal quotation marks omitted).  I will consider plaintiffs' facts to the extent they are supported by the evidence and consider the facts offered by Murray and Eastern Sailplane "to the extent that they are uncontradicted." Cossaboon, 600 F.3d at 31 (internal quotation marks omitted).  Despite the liberality of the prima facie standard, I will not "credit conclusory allegations or draw farfetched inferences." Negron-Torres v. Verizon Commc'ns, 478 F.3d 19, 23 (1st Cir. 2007).  Plaintiffs bear "'the ultimate burden of showing by a preponderance of the evidence that jurisdiction exists.'" Lechoslaw, 618 F.3d at 54 (quoting Adams v. Adams, 601 F.3d 1, 4 (1st Cir. 2010)).

## II.  ANALYSIS

### A.  Law

Personal jurisdiction in a diversity action over non-resident defendants depends on satisfying the requirements of the

forum state's long-arm statute and the due process requirements of the Fourteenth Amendment.  See Cossaboon, 600 F.3d at 29 n.1; N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005).  New Hampshire's long-arm statutes, RSA § 293-A:15.10 and RSA § 510:4, extend personal jurisdiction to the extent allowed by due process.[1]  Hemenway v. Hemenway, 159 N.H. 680, 685 (2010); see also N. Laminate Sales, 403 F.3d at 24; Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 7 (1st Cir. 2002).

A court may exercise either general or specific personal jurisdiction, depending on the nature of the defendant's contacts with the forum state.  Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011).  In this case, plaintiffs assert that specific personal jurisdiction applies.  Specific personal jurisdiction has three parts.  Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011).  The first part asks "whether the asserted causes of action arise from or relate to the defendant's contacts with the forum," the second asks "whether the defendant purposefully availed itself of the protections of the forum's laws by means of those contacts, such that the defendant could reasonably foresee being haled into the forum's courts," and the third asks "whether an exercise of jurisdiction is consistent

---

[1] RSA is an abbreviation for New Hampshire Revised Statutes Annotated.

with principles of justice and fair play." Carreras, 660 F.3d at 554 (internal quotation marks and citations omitted). All three requirements must be satisfied to support a finding of specific personal jurisdiction. Negron-Torres, 478 F.3d at 25.

This case turns on the relatedness requirement. The relatedness inquiry asks whether "the cause of action [underlying the litigation] either arises directly out of, or is related to, the defendant's forum-based contacts." Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005). When the plaintiff's claims sound in tort, as they do in this case, a court "must probe the causal nexus between the defendant's contacts and the plaintiff's cause of action." Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999). In undertaking this inquiry, courts ordinarily ask both whether "the injury would not have occurred 'but for' the defendant's forum-state activity" (cause in fact) and whether "the defendant's in-state conduct gave birth to the cause of action" (proximate cause). Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 35 (1st Cir. 1998). "Although 'strict adherence to a proximate cause standard in all circumstances is unnecessarily restrictive,' in most cases, 'the proximate cause standard better comports with the relatedness inquiry because it so easily correlates to foreseeability, a significant component of the jurisdictional

4

inquiry.'" Harlow, 432 F.3d at 61 (quoting Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715 (1st Cir. 1996).

**B.   Application**

Plaintiffs assert that Eastern Sailplane and Murray are liable for negligence and breach of warranty.  They seek to satisfy the relatedness requirement with respect to both causes of action primarily by citing to evidence suggesting that: (1) Donovan and Murray exchanged numerous pre- and post-sale communications concerning the glider at a time when Donovan was living and working in New Hampshire; (2) Donovan arranged for Murray to register the glider in the name of one of Donovan's New Hampshire corporations; (3) Murray arranged for glider parts to be shipped to Donovan in New Hampshire; and (4) the glider was present in New Hampshire on at least two occasions.  Plaintiffs also place substantial weight on the fact that Murray and Donovan were friends and, therefore, Murray knew that Donovan would be receiving his communications in New Hampshire.

I am unpersuaded by plaintiffs' arguments that these contacts are sufficient to satisfy the relatedness requirement. Plaintiffs' negligence claims seek to hold Eastern Sailplane and Murray liable for negligently failing to properly "inspect, test, check, certify, service, repair, remove, replace, install, overhaul, assemble, modify, alter, and otherwise maintain" the

glider. Compl. ¶ 66 (Doc. No. 1). Plaintiffs, however, have failed to allege any facts that would support a conclusion that any of these alleged failures occurred in New Hampshire.

Several other facts also undermine plaintiffs' personal jurisdiction argument. Neither Murray nor anyone else connected with Eastern Sailplane was located in New Hampshire during the events at issue in this case. Nor does the glider have any substantial connection to New Hampshire. Instead, it was manufactured in Germany, delivered to Murray in Maryland, transported to Ohio, and kept in a hanger in Vermont.[2] Under these circumstances, evidence suggesting that the glider may have briefly been moved to New Hampshire on two occasions carries little weight. Further, although Murray communicated with Donovan when he was in New Hampshire, plaintiffs have not shown that any of those conversations are causally connected to the accident that killed Donovan in Washington. Nor can it be said that any of the defendants' other New Hampshire contacts could in any way have given birth to plaintiffs' negligence claims. Accordingly, this court lacks jurisdiction to consider them.[3]

---

[2] The glider was also used for an unspecified period of time in Florida.

[3] Plaintiffs present an unsupported argument that the court can base a finding of personal jurisdiction over Eastern Sailplane and Murray on the fact that it has jurisdiction over

Plaintiffs' claim that the court has jurisdiction over the breach of warranty claims is more difficult to analyze because, at least in some circumstances, a breach of warranty claim is sufficiently like a breach of contract claim that the relatedness inquiry for tort and contract claims can merge. See, e.g., Jet Wine, 298 F.3d at 10 (tort and contract aspects of relatedness test tend to merge when considering an intentional interference with contractual relations claim). Here, however, it is quite clear that what plaintiffs characterize as breach of warranty

---

Schleicher. In certain circumstances, an agent's actions may be imputed to the principal for purposes of determining whether personal jurisdiction exists as to the principal. See Myers v. Bennett Law Offices, 238 F.3d 1068, 1073 (9th Cir. 2001); 25 CP, LLC v. Firstenberg Mach. Co., 2009 WL 4884483, at *9 (D.N.H. Dec. 8, 2009). I have found no cases, however, that impute the actions of the principal to the agent based on an agency relationship, as the plaintiffs suggest here. To the contrary, other courts have held that an agency or employment relationship does not allow the court to impute the principal's or employer's jurisdictional activities to the agent or employee. See Mosier v. Kinley, 142 N.H. 415, 422 (1997) (corporate activities cannot be imputed to an agent of the corporation for purposes of personal jurisdiction); see also Calder v. Jones, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there."); Reeve v. Ocean Ships, Inc., 2011 WL 3165765, at *3 (N.D. Ill. July 27, 2011) (holding under Illinois law that "it is incorrect as a matter of law to impute the actions of a principal to its agent for the purposes of finding personal jurisdiction"); M. Shanken Commc'ns, Inc. v. Cigar500.com, 2008 WL 2696168, at *7 (S.D.N.Y. July 7, 2008) (holding under New York law that the jurisdictional activities of a principal cannot be imputed to an agent). Accordingly, I reject this argument.

claims are in fact nothing more than a restatement of their claims for negligence.

Breach of warranty claims are governed by New Hampshire's version of the Uniform Commercial Code. Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 853 (2005). Express warranties are created by the seller's factual representations or promises, any description of the goods, or a sample or model of goods that becomes a basis of the bargain. RSA § 382-A:2-313. An implied warranty of merchantability exists "if the seller is a merchant with respect to goods of that kind," requiring the goods to meet certain minimum standards. RSA § 382-A:2-314. When a seller has reason to know that goods are required for a particular purpose and that "the buyer is relying on the seller's skill or judgment to select or furnish suitable goods," an implied warranty exists that the goods are fit for that purpose. RSA § 382-A:2-315.

In the present case, plaintiffs do not attempt to base their breach of warranty claims on the Uniform Commercial Code. Nor do they allege that Eastern Sailplane and Murray were sellers of the glider. Instead, their complaint makes it clear that both defendants were at most agents for a disclosed principal who do not thereby face liability for contract-related claims. See, e.g., Restatement (Third) of Agency § 6.01 (2006) (agent acting on behalf of disclosed principal not a party to contract unless

the agent and third party agree otherwise); see also 2 Lary Lawrence, Lawrence's Anderson on the Uniform Commercial Code, § 2-103:38 (3d ed. 2004) ("If the agent or employee discloses that he or she is "selling" on behalf of an identified principal or employer, the agent or employee is not a party to the contract with the third person and, therefore, is not a seller in the contractual senses of the term.").

In this case, the plaintiffs' allegations in support of their breach of warranty claims suggest negligence rather than breach of contract.  The plaintiffs allege exactly the same conduct in support of their negligence claims, Count III, and their breach of warranty claims, Count IV, against Murray and Eastern Sailplane.  Compare Compl. ¶ 64 with Compl. ¶ 72 (Doc. No. 1). The plaintiffs' allegations focus on Murray's activities after the glider was ordered from Schleicher rather than on Murray's part in negotiating the initial sale.  Because the breach of warranty claims essentially restate the negligence claims, the personal jurisdiction analysis is the same for both sets of claims.

In the absence of evidence of relatedness, I need not consider the purposeful availment and fairness factors.  The plaintiffs have not made a prima facie case to support personal jurisdiction over either Murray or Eastern Sailplane.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, I grant Murray's and Eastern Sailplane's motion to dismiss (Doc. no. 18).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 15, 2012

cc: Alisa Brodkowitz, Esq.
    Andru H. Volinsky, Esq.
    Edward J. Sackman, Esq.
    Harold J. Friedman, Esq.
    Phillip S. Bixby, Esq.
    Roy A. Bourgeois, Esq.
    Stephen J. Dibble, Esq.